Now turn to United States v. Baker 20-3062 Mr. Pincus there's Mr. Pincus Are you ready to proceed Mr. Pincus? I am Your Honor. I please the court. My name is Howard Pincus from the Federal Public Defender and I represent Abbasi Baker. The defendant is charged with obtaining personal property from the victim by fear of injury, including future injury to property, and does not distinguish fear of injury to tangible or intangible property. Both tangible and intangible property can be injured without the violent force needed to meet section 924 C's force clause. By the plain terms of the Hobbs Act robbery statute, robbery by effect of property, whether tangible or intangible, therefore does not categorically satisfy 924 C's force clause. Mr. Pincus, based upon the framing of the argument in your brief, are you acknowledging that in substance you're asking us to expand the scope of the COA that was granted because the terms of the COA, you go beyond the terms of the COA that was granted to you, right? Yes, we do. And we asked expressly in the brief for this court to expand the COA. Okay, I just want to be sure. All right. Yeah, the certificate of appeal, we assumed that this court in Melgar Cabrera foreclosed an argument that Hobbs Act robbery by fear of injury to property does not meet the force clause. Melgar Cabrera doesn't do that. And that's an interesting point, because why doesn't it do that? And if you accept that Melgar Cabrera, that Hobbs Act robbery is indivisible, that that provision is indivisible, and then Melgar Cabrera holds that Hobbs Act robbery is a crime of violence, that means every act that means that is listed within Hobbs Act robbery, a way of committing Hobbs Act robbery, the least way of committing Hobbs Act robbery is a crime of violence. And why doesn't that end at full stop? Because Melgar Cabrera, the only arguments that were made were regarding person related crimes. There were two arguments made in Melgar Cabrera. One was that the force clause was not, the force prom of Melgar Cabrera was, I'm sorry, the Hobbs Act robbery statute was not satisfied, because one could take property from another. That's just a mere offense of touching, and that wouldn't be sufficient force. The second argument was that a fear of injury to the person by an indirect means such as threatening to poison somebody. This court did not consider anything about a property related argument, nothing about even force directed at property, but certainly nothing about fear of injury to property. I guess what I'm getting at is, okay, let's say, and I believe that is the case in Melgar Cabrera, but let's say that's right. Well, in order to make a determination, categorical determination, if we're doing our Moncrief the way we're supposed to be doing it, that means that when we say this is a statute that is a crime of violence, irrespective of the argument that was before us, the specific facts that were before us, we are saying that there is nothing in that statute that would lead to a determination that it is not a crime of violence. Doesn't that necessarily follow from the least act criminalized determination when you combine that with a categorical determination? Not at all. This court doesn't dream up the arguments that could be made to show that something is not categorically a crime of violence. It addresses the arguments before it. And if this court had been addressing something related to property, you would expect the opinion to have said something about it, to mention that it was also determining that a threat to property would satisfy the force clause. Let me go at it a different way. If, in fact, threat to property was a separate element of a divisible statute, and somebody wants to say, Mr. Pincus, Melgar Cabrera controls this, I can see you saying, oh, no, no, no, no, no, it does not, because you dealt with person there. This is a separate element. This is property. And we didn't speak to that in Melgar Cabrera. Get that. But what I don't get is why that is the case in a situation in which we are saying that this is not a divisible statute, which means everything, by definition, that means we're saying when we make a determination this is a crime of violence, we're saying there is no act in here that is not a crime of violence. Well, when somebody says it's not a crime of violence for reason A, this court doesn't therefore consider reason B through Z. It would have to then become an advocate. It would have to dream up every possible reason for why it didn't categorically satisfy the force clause. What this court does is it addresses the arguments that are made before it. And all of those arguments in Melgar Cabrera were person-related ones, not a one related to property, no mention in Melgar Cabrera of property-based arguments, no mention of what the standard would be for physical force with respect to property, as this court later discussed in Bowen. One would expect all of that to be in the opinion of this court actually resolve that issue. Mr. Pincus? That's analogous to this. Because I think I don't see how we can get around what Judge Holmes is saying that when Melgar Cabrera held that this is categorically a violent crime, crime of violence, violent felony, that encompasses your argument. Maybe it was wrong because it didn't consider something, but that's what it said. That was a holding. That was clearly a holding. And can this court, can a panel of this court overturn essentially that holding because of a good argument that convinces us that was not made in the prior case and convinces us that that decision was incorrect? Do you have any examples of that? Because we've got to be careful. We don't want panels going willy-nilly overturning other panels. Well, that's certainly true. But Melgar Cabrera didn't say we hold that it is categorically a crime of violence in every circumstance. What Melgar Cabrera did was what courts and judges who are exercising judicial modesty do, which is they decide the arguments before them. Mr. Melgar Cabrera said this isn't categorically a crime of violence for reasons A and B. Both of those were related to… There have to be limits on that. You can always improve an argument. And every time an advocate gives a better argument than was made in a precedent of this court, the panel doesn't have the right to overturn the precedent. I have a lot of sympathy with your point. I'm not sure it's correct. I mean, I'm not sure I'd go with you on the merits, but the fact is this argument, this very interesting argument you're making, and we'll get to the merits of it before we end, wasn't made in Melgar Cabrera. And as a result, Melgar Cabrera may be wrong in what it says. But Melgar Cabrera had to… It can't say that this is a crime of violence. And it says it. Well, he was convicted of a crime of violence. Yeah. So… I'm sorry. Just give me… Just give us some precedent from this court that allows us to do what you're asking us to do. Well, I guess I'm disputing the premise of the question. If we were saying that we have a better argument for either of his two arguments, that they weren't made well enough, and this court should revisit them, that's one thing. That's not what we're saying. Mr. Melgar Cabrera was saying my conviction… Remember, Mr. Melgar Cabrera was convicted of a crime of violence, of a 924C, and he's saying that conviction is invalid for two reasons. We're not asking the court to revisit either one of those reasons. We're not saying either one of those reasons is wrong. This court does not categorically decide every possible other argument that could be made. I'm not sure that the distinction you're making is going to hold up under closer analysis. Wasn't the argument that Hobbs Act robbery is not a crime of violence? Not a crime of violence for two reasons. No, no, yeah. Those are arguments it made in support of that argument. But the argument was it's not a crime of violence, and that's what we rejected. You could say this is another reason. You could say this is a better argument why it's not a crime of violence. But just tell me that we've made that distinction in some case, and give us some comfort that we're not undermining a necessary component of being a court that sits on panels. As I stand here, say that I have that type of case, but I don't think that the premise is correct. I think that there was no argument for anything relating to a fear of injury to property or anything related to property. All this court decided in Melgar Cabrera is what the defendant there put before it. And that was only, this is not a crime of violence because it doesn't meet the force element of under the force element of Hobbs Act robbery, and a fear of injury by indirect poisoning, by indirect means through poisoning, to a person. This court considered nothing at all about property. Okay, go ahead. I'm sorry, Mr. Peng. No, in one of the unpublished decisions, this court said, well, we didn't consider that argument there. This court there said, well, Melgar Cabrera said, this is categorically a crime of violence, but Melgar Cabrera never said that. Melgar Cabrera never said, we're considering everything possible. That's not how courts operate. The court would have had to do something about what standards will apply to a fear of injury to property, what fear of injury to property meant. It didn't say anything at all about anything. Okay, I'll circle back to this in a second, but let me ask you this. Even if we were to accept the premise that we could consider these additional arguments, your arguments rely a lot on Bowen and inferences to be drawn from Bowen, which of course was not a case involving Hobbs Act robbery. Well, what do we do with Johnson 2, which in a footnote slapped down exactly the attempt to invoke Bowen in making a discreet argument, and in Johnson 2, we said, well, Hobbs Act robbery involves a violent force, and so that's done. I mean, both the Johnson 1 and Johnson 2 seem to foreclose these additional arguments that you're making anyway. Do you mean Jefferson 2? I'm sorry, Jefferson. I apologize. That's okay. I just want to be sure I'm on the same page. You're right, Jefferson. I apologize. Well, first of all, Jefferson said we can't even reach this argument. Jefferson said that's not within the remand from the Supreme Court, which was only under the First Step Act, but even if we were to reach it, it wouldn't have merit. And importantly, the defendant in Jefferson, Mr. Jefferson, said you would have to overrule. It's an intervening decision. Bowen is an intervening decision that overruled Melgar Cabrera. We're not saying you need to overrule Melgar Cabrera. You can't overrule Melgar Cabrera. Only the en banc court could. What we're saying is Melgar Cabrera didn't decide this issue, and Jefferson thought, you know, accepted the contrary position. We don't accept that position. We're saying that Melgar Cabrera did not decide the issue that we're raising here. Okay. Now that you've explained to us why we're powerless, Mr. Tankis, let me understand this. Putting two and two together in the Melgar Cabrera context, the reason – and this is where you can tell me where I'm wrong. The reason that it appears to me that we must overrule Melgar Cabrera to adopt your line of reasoning is the fact that it is – the determination was that this is categorically a crime of violence, and I know there were only – let's assume there were two arguments that were highlighted. But the point is if you are applying a rubric, going back to the Moncrief idea of least criminalized act, by definition, if the statute is not divisible, your holding, it would seem to me, says there is nothing in this statute. Even though we talked about person, there is nothing in this statute that is not a crime of violence. Doesn't that necessarily flow from the idea that the statute is not divisible, and you're doing a least criminalized act determination, which you must do in doing a categorical analysis? No, because this court didn't say we're categorically holding that. They're saying we're rejecting the defendant's two arguments that it's not categorically a crime of violence for the reasons he says. That's the difference. So basically, the basis of our argument is that fear of injury, as stated in the definition of Hobbs Act robbery, naturally would reach injury to – a threat of injury to property, tangible or intangible. The statute makes no distinction between the two. O'Connor says we don't have to point to a case of a threat to property there. We don't have to point here to a case of a threat of property to tangible or intangible property either. And fear of injury naturally re-extends to non-forcible ways of damaging property. The government is trying to narrow it by citing to the common law, but Hobbs Act robbery is different than the common law. It may be similar with respect to acts against a person, but common law robbery didn't reach threats of injury to property, and for those reasons, this court should hold that 920 – that Hobbs Act robbery is now categorically not a crime of violence. Go ahead. Did you have a question, Judge? I did, but go ahead, please. No, no, go ahead. I just wanted to follow up on your question about O'Connor and the notion of whether we need – whether you're obliged to point to a case to establish essentially a realistic probability that the statute would not be applied – well, would be applied to this situation – to a situation where there was not violent force. Well, in O'Connor, aren't the – isn't that circumstance distinguishable from this one in the sense that here the question is not whether on the face of the plain terms of the statute or the provision in that case that it covered a certain realm of conduct. In other words, you don't have to query whether the prosecutor would reach certain conduct because on the face of the provision, it says that that conduct is covered. In this situation, that's not what we're talking about, is it? We're talking about what import do we give to this language relative to property, and does that – do these crimes related to property involve violent force? I mean, so why are those two things the same sort of circumstance? In other words, why are you relieved of the obligation of pointing to a case in order to establish a realistic probability? Because we're just relying on the normal meaning of fear of injury. It's the government that's trying to limit what fear of injury means by saying this is a phrase drawn from the common law. It's not, or that it's drawn from – you have to read it in the context of the word surrounding it, the associated words canon. And as we point out, the Supreme Court in Garcia said where you have a completely disjunctive statute like this or list of terms, actual or threatened use of force, comma, or violence, comma, or fear of injury, you give them all their independent meaning. And we apply the associated words canon where there's ambiguity, and there's not any ambiguity here. Fear of injury is a readily understandable term, and we're just saying you give it its normal meaning just like you give property its normal meaning. Mr. Pincus, in preparation for this, I came up with a very unfair hypothetical question. But I'm sincere in asking this. I want you to assume that you're representing a defendant charged with Hobbs Act robbery for threatening to spray paint the victim's car. I am very confident you would come up with a strong argument why that is not Hobbs Act robbery. And I'd be interested in what your argument would be in that circumstance. Well, I would certainly try to make that argument, but I think that the plain language of the statute here would preclude me from making it. That fear of injury naturally would apply to damaging property in any way. The Hobbs Act statute knew how to distinguish, well, that's back to the property argument, but fear of injury, if you just take it in its normal meaning, would extend to what you propose in your hypothetical, which is what Bowen shows can be damaging property. Causing fear of injury or causing a fear of damage to property are the same thing. And this court in Bowen's argument would preclude me from making such an argument. Yes, we're arguing here that the statute is broader than if I had the client, had the situation you're arguing, I'd be trying to find a way the statute is narrower. But the statute on its face says what it says, and it says fear of injury, any injury will do. No one's ever been charged under that act for this, as far as we know. And the history of the act shows it was to prevent thuggery. I mean, everything about the act that springs to mind when you think about Hobbs Act is violent thuggery. And that's the associated words canon effect, I think. That's what that's what's going on in this statute. And OK, maybe you could take a word out of that context and say threat to injure. And that doesn't have to be a violent violence, an injury caused by violence. But no one's been prosecuted that way. Well, nobody had been prosecuted in the O'Connor scenario of give me a million dollars or I'll blow up this abandoned building you have. This court said doesn't matter. Clearly, property can be damaged in many ways that are more harmful to people than give me your money or I'll punch you in the face. If you are going to destroy somebody's business by spreading rumors on the Internet or by hacking into their computer system. That's much too many people, much more problematic than whatever physical violence there might be at the time. And the Hobbs Act robbery, although it may have arisen in the context of people, the highway robbery scenarios, it gets applied all the time in things that are not that kind of case. And this court's decision, O'Connor shows that the statute's reach is not defined by what its genesis might have been, but by what the words of the statute reach. And they plainly reach here, giving normal readings to property. And again, the Hobbs Act robbery says personal property, taking personal property. It says by fear of injury to property. So it knew how to distinguish between types of property. And of course, Congress knew how to do it. A limited just a tangible property is it didn't witness retaliation statute, but they used readily understandable terms that capture this case. But the scenarios that we lay out. Thank you, Mr. Pickens. Your time is up. Did you have anybody have further questions? OK, Mr. Lerman. Thank you. Good afternoon. May it please the court. Dan Lerman for the United States. I would like to turn to the merits and some of these hypotheticals. But before I do so, I would just like to address the Melgar Cabrera issue, which is, I think, a prominent issue in the case. Melgar Cabrera did address this argument and does foreclose this argument. So Melgar Cabrera, as Judge Harrison Holmes explained, is a categorical holding and categorical means just that. And this court has subsequently said that Melgar Cabrera is a categorical holding. It said that in the first Jefferson opinion. And it said that in the second Jefferson opinion. But even aside from that, in the first Jefferson opinion, where the court said that in Melgar Cabrera, we decided that Hadzak robbery is categorically a crime of violence. The defendant made the argument that Melgar Cabrera did not address whether force is a means or an element. And this court said that even if that were so, we are not out of liberty to ignore Melgar Cabrera. We're not free to ignore it, even if the court didn't address the argument that the defendant made there. That strikes me as analogous to what the defendant here is saying, which is there are particular arguments that were either not made by the parties or not addressed by the court, and therefore Melgar Cabrera is not binding. Well, this court has rejected that very argument in Jefferson. It then did go on in Jefferson to say force is a requirement that applies to all the means of Hadzak robbery, which we believe helps us on the merits. But before doing so, it said we're not out of liberty to ignore Melgar Cabrera, even if we wanted to. So that's dispositive. A second reason is Melgar Cabrera did address crimes to property. For instance, it said it was applying the categorical approach. It applied the categorical approach. It held that robbery is a crime of violence under the categorical approach. And then in a footnote, it said that is true, even though Hadzak robbery can be committed against property. So it did address property. It might not have addressed in every specific hypothetical scenario that the defendant here made. But it had a categorical holding, which per se means categorical, as Judge Hartz explained, because this is a non-divisible statute as a defendant exploits in this case. And it addressed property and said even though it could be committed against property, it is still a crime of violence. And that's why it distinguished the O'Connor case, which dealt with a guidelines provision that didn't apply to property. Section 924C applies to property, and Cobbs Act applies to property. So Melgar Cabrera is controlling, and it's dispositive. And if there are any doubt, the Jefferson opinion, which I'll get to in a minute, said exactly the same thing. Well, let me get to Jefferson now. The Jefferson opinion, the second Jefferson opinion, reaffirmed the first Jefferson opinion. The first Jefferson opinion was vacated by the Supreme Court. But then this court in Jefferson 2 said that was only a partial victim to her, and it therefore effectively resurrected the first Jefferson opinion. The first Jefferson opinion said that Hobbs Act robbery is categorically a crime of violence, as I noted. And the defendant concedes that that's the end of the case. He says that there was no published opinion that says that and essentially acknowledges that if there were, that would be dispositive. Well, Jefferson 1 said that. And Jefferson 1 also said Hobbs Act robbery is categorically a crime. It requires the use of violent force. So now turning to the merits, that's the reason why Melgar Cabrera was correct. This court stated in Jefferson 1, in Thomas, in Melgar Cabrera, and in Jefferson 2, that Hobbs Act robbery requires violent force. That applies to all of the means of committing Hobbs Act robbery, and it applies to force or property. In Jefferson, the court specifically stated that Hobbs Act robbery requires violent force against persons or property. So the statutes are therefore coterminous. Both the Hobbs Act and 924C, under this court's governing precedence in published case law and unpublished case law, requires the use of violent force. So as the court said in Jefferson 2, without violent force, there is no Hobbs Act robbery and no crime of violence. Full stop. The statutes are coterminous, and the line that's drawn is the same. So that is why Melgar Cabrera was correct. But as I said, Melgar Cabrera is binding in any event. With respect to Your Honor's hypothetical with the spray painting and the Hobbs Act, I think this touches upon that, which is Jefferson 2 expressly stated that Bowen is distinguishable because that involved a different statute. It was the witness retaliation statute, which can be accomplished by damage. And this court stated that damage could be nonviolent, can be accomplished by either violent or nonviolent force. But this court stated that the Hobbs Act cannot be committed by nonviolent property damage. It can only be committed by violent property damage. So it seems likely that blowing up someone's house, as the court surmised in O'Connor, would satisfy the Hobbs Act and therefore satisfy crime of violence definition. But threatening to spray paint someone's house or pouring chocolate syrup on someone's passport, much less spreading false or malicious rumors about a business, would not entail the use of violent force, and therefore wouldn't be Hobbs Act robbery and wouldn't be a crime of violence. The defendant raises the question whether in answer to that hypothetical, we're ignoring either the plain meaning of fear of injury or failing to give it independent content and falsely relying on the no-citra canon or associated words canon. All we're saying is that words in a statute are read in context. And in Jefferson 1, this court expressly stated that criminal statutes in particular are expansive. Congress is meant to cover the waterfront, and they often use overlapping terms, including when they're separated by or. It said that with respect to the Hobbs Act, and it said that with respect to fear of injury. It said even if there's some overlap between fear of injury and threat of force, that doesn't undermine the fact that the Hobbs Act requires force as an element. It also acknowledges that there's some overlap between violence and force, as I think is probably fairly intuitive. That doesn't mean that it doesn't require force. It just means that Congress went about this with broad terms. These are these are not separate provisions in a statute. It's a single set. It's a single line. And these are alternative means, not elements. So when this court talks about the force requirement in the Hobbs Act, it's talking about an element. Any means of committing Hobbs Act robbery requires the use of violent force that applies to the three means. And it applies whether or not it's persons or property. There are no further questions. Any questions from the. Thank you, Mr. Pincus. We took a lot of extra time. I'm going to give you a minute, but I'm going to cut you off at one minute. I have some questions from the panel. Well, I would just say that the footnote in Melgar Carrera doesn't resolve anything. Doesn't doesn't show that this court resolved anything with respect to property. It was merely pointing out the differing the fact that there was a an affirmance of a crime of violence determination in Melgar Carrera and a rejection of it. In O'Connor and O'Connor explained why it was O'Connor was assuming that a threat to property would satisfy the force clause. This court Melgar Carrera is merely assuming the same thing. Thank you. Case is submitted. Counselor excused.